The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHEAD, LLC, a Washington corporation, formerly known as ACE ACQUISITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KASC, INC., a Massachusetts corporation, formerly known as AHEAD, INC.,<br><br>Defendant. | No. 13-00187-JLR<br><br>**DEFENDANT KASC, INC'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE**<br><br>**NOTE ON MOTION CALENDAR: March 29, 2013**<br><br>**[ORAL ARGUMENT REQUESTED]** |

## I.   INTRODUCTION

Defendant KASC, Inc. ("KASC") respectfully seeks dismissal of this case for lack of proper venue, or, alternatively, transfer to the District of Massachusetts, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and Fed. R. Civ. P. 12(b)(3).

This case arises from the transfer of ownership of a company physically located in Massachusetts. The plaintiff buyer contends that the defendant former owner, a Massachusetts entity with a principal place of business in Massachusetts, breached certain representations and warranties contained in an Asset Purchase Agreement negotiated in Massachusetts and governed by Massachusetts law. The alleged breaches largely concern the salability of inventory located at the company's sole production facility in New Bedford, Massachusetts. The merits of the dispute depend primarily on company audits conducted in Massachusetts by third-party accountants located in nearby Rhode Island. All the non-party witnesses are located in or near Massachusetts, and none are located in Washington; as to the

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

party-affiliated witnesses, KASC is aware of only one who resides in Washington, and many in Massachusetts or other eastern states. In short, this case has almost no connection to Washington, and can be litigated and resolved more conveniently and efficiently in the District of Massachusetts.

## II.   BACKGROUND

Defendant KASC is the former Ahead, Inc. Its sole shareholder is Kenneth A. Shwartz, who was the founder of Ahead, Inc. and resides in Massachusetts. Affidavit of Kenneth A. Shwartz (submitted herewith) ("Shwartz Aff."), ¶¶ 1-3.

The sale transaction that underlies the Second Amended Compliant (*see* Dkt. No. 16, ¶¶ 6-9) was negotiated in Massachusetts: the two in-person meetings to negotiate the terms both took place there, while on the other hand, neither Mr. Shwartz nor any other representative of Ahead, Inc. ever traveled to Washington. Shwartz Aff. ¶¶ 6-7, 10. The resulting agreement, the Asset Purchase Agreement ("APA"), was executed by Mr. Shwartz on behalf of himself and Ahead, Inc. in Massachusetts on July 15, 2011. *See id*., ¶¶ 6-8. It specified that it "shall be governed by, and construed and enforced in accordance with, the substantive laws of the Commonwealth of Massachusetts." *Id*., Ex. A, ¶ 11.3.

The assets sold by Ahead, Inc. to Ahead, LLC were primarily located in Massachusetts, specifically at the company's sole production facility located in New Bedford, Massachusetts. The inventory which is the subject of several claimed breaches of representations and warranties, *see* Dkt. No. 16, ¶¶ 7(b)-7(e), 11(b), and 11(c), is located at that facility, along with the company's manufacturing and financial operations. At least until the time of the asset purchase, the company did not have offices or employees in Washington state. *See* Shwartz Aff., ¶¶ 5, 10.

Plaintiff Ahead, LLC currently states on its public website that "Ahead, LLC is located at 270 Barnet Blvd., New Bedford, MA 02745." Shwartz Aff., Ex. B.

Both before and after the asset purchase, the company's auditor is an independent firm located in Providence, Rhode Island, which is near New Bedford, Massachusetts. *See*

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Shwartz Aff., ¶ 9. The firm's audits of the company's inventory, accounts receivable, and other assets, and the reserves set pursuant to those audits, took place in Massachusetts and are directly at issue in the Seconded Amended Complaint. *See* Dkt. No. 16, ¶ 11.

Mr. Shwartz's affidavit identifies the potential witnesses to the case of whom he is aware. Shwartz Aff., ¶ 12. These primarily consist of himself, the outside auditors, and various current and/or former employees of the company. Most of these are located in Massachusetts, and the remainder are elsewhere in the eastern U.S. Only one witness -- Mr. Ernest Johnson, who is affiliated with the plaintiff -- appears to be located in Washington. *See id.*, ¶¶ 11-12.

### III.   ARGUMENT

#### A.   THIS CASE SHOULD BE DISMISSED FOR LACK OF PROPER VENUE.

The applicable statute, 28 U.S.C. § 1391(b), provides that venue in a diversity case is proper in (1) a judicial district in which any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is located, or (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought. Since KASC is not a resident of Washington, and since the action could clearly be brought in the District of Massachusetts, neither subsection (1) nor (3) applies, and only subpart (2) could properly provide a basis for venue in this District.

For purposes of determining whether "a substantial part of the events or omissions giving rise to the claim occurred," this District has held that "only those events and omissions that directly give rise to the claim are relevant," and that the events "must be substantial, have a nexus with the claims alleged, and *reflect defendants' activities, not those of plaintiffs*." *Nordquist v. Blackham*, No. C06-5433(FDB), 2006 U.S. Dist. LEXIS 64495, at *5 (W.D. Wash. Sept. 11, 2006) (emphasis added) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (9th Cir. 1995)). In a contract case, the most appropriate venue is the place where the contract was intended to be

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

performed. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

Here, following negotiations in Massachusetts, KASC signed an APA governed by Massachusetts law promising to convey assets located in Massachusetts. Shwartz Aff., Ex. A.[1] Plaintiff asserts claims related to these assets located in Massachusetts, Dkt. No. 16, ¶ 11-12, and the accounting for accrued vacation time performed in Massachusetts, *id*., ¶ 13. Plaintiff, acting under Massachusetts law, seeks compensation for these various claims in the form of indemnification from an escrow account established under the APA. *Id*., ¶¶ 10; 25. The Escrow Agent is the Portland, Oregon branch of Wells Fargo Bank, N.A. KASC's timely written objection to plaintiff's claims was issued from Massachusetts and sent to that location. Shwartz Aff., ¶ 16 and Ex. D. Thus, Massachusetts is clearly the "place where the contract was intended to be performed," as well as being the location of all the defendants' activities with a nexus to the claims.

This case is factually similar to the *Nordquist* case decided in this District, and its outcome should be the same. In *Nordquist*, the parties had signed an Asset Purchase Agreement involving the sale of a chiropractic practice located in Texas. The plaintiff in the case was the seller and was located in Washington state at the time of the transaction. The defendant buyer was located in Texas. The defendant brought a motion to dismiss for lack of proper venue, or alternatively to transfer the case. This Court granted the motion on both grounds and transferred the case to the Northern District of Texas, holding:

> In this case the chiropractic business is located in Texas, as is the Defendant Blackham . . . The in-person contract negotiations between Plaintiff and Defendant occurred in Texas . . . The fact payments were sent to Plaintiff in Washington and the contract was executed by Plaintiff in Washington does not weigh heavily in determining that Washington is a location of the relevant events giving rise to the claim. The contract was negotiated and performed primarily in Texas, not Washington. It follows that any alleged breach occurred in Texas, even if the aftermath was felt by Plaintiff *in* Washington.

---

[1] In evaluating whether venue is proper, "[the] pleadings need not be accepted as true, and the facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Nordquist*, 2006 U.S. Dist. LEXIS 64495, at *7.  Similarly, this case should be dismissed because venue is improper in this district.

### B. THIS CASE SHOULD BE TRANSFERRED FOR CONVENIENCE OF THE PARTIES AND IN THE INTERESTS OF JUSTICE.

Alternatively, under 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interests of justice."  Section 1404(a) grants a district court discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  In determining whether transferring venue is appropriate, this Court engages in a two-step inquiry.  *First*, this Court determines whether the transferee district court is "one where the action might have been brought."  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  *Second*, if the action could have been properly brought in the transferee venue, this Court weighs eight factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  *Jones*, 211 F.3d at 498-99.  Additionally, in balancing the §1404(a) factors, this Court considers the relevant public policy interests of the forum and the transferee state.  *Id.* at 499.

The defendant bears the burden to demonstrate that the transfer is warranted.  *See Pedigo Prods. v. Kimberly-Clark Worldwide*, No. 3:12-CV-05502(BHS), 2013 U.S. Dist. LEXIS 12690, at *6 (W.D. Wash. Jan. 30, 2013).  This burden, however, is far less exacting than that imposed on the defendant under the former doctrine of *forum non conveniens*.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  Indeed, in enacting Section 1404(a), Congress "intended to permit courts to grant transfers upon a

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

lesser showing of inconvenience" than was required for dismissal under the *forum non conveniens* doctrine. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see also Decker Coal*, 805 F.2d at 843 (noting that Section 1404(a) "partially displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal district courts). As such, the defendant's burden under Section 1404(a) is merely "to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. Aug. 10, 2009) (citing *Commodity Futures Trading Comm'n*, 611 F.2d at 279).

### 1. This Action Could Have Been Properly Brought in the District of Massachusetts.

To transfer a case pursuant to §1404(a), this Court first determines whether this action could have been properly brought in the proposed transferee venue. *Hatch*, 758 F.2d at 414. As set forth above, under 28 U.S.C. §1391(b), an action based on diversity jurisdiction may be brought in: (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise have been brought.

This action could have been properly brought in the District of Massachusetts pursuant to either §1391(b)(1) or (2). Subsection (b)(1) would permit venue in that district because it is undisputed that defendant KASC is a "Massachusetts corporation with its principal place of business in New Bedford, Massachusetts." Dkt. No. 16, ¶ 2. Alternatively, subsection (b)(2) would permit venue because, as discussed above, Massachusetts is the location of the relevant events giving rise to the plaintiff's claims. Shwartz Aff., ¶¶ 1-10.

### 2. The Eight *Jones* Factors Weigh Heavily in Favor of Transfer.

Because this case could have been properly brought in the District of Massachusetts, the next step is to weigh the eight factors articulated by the Ninth Circuit in *Jones*. In the present case, the *Jones* factors favor transfer.

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 6

      **a.    That the Asset Purchase Agreement Was Negotiated and Executed in Massachusetts Favors Transfer.**

Under *Jones*, district courts, in determining whether transferring venue of a contract based claim is appropriate, first consider the location where the relevant agreement was negotiated and executed. 211 F.3d at 498; *see also Reynolds v. Centimark Corp.*, No. C12-0488(RSM), 2012 U.S. Dist. LEXIS 164256, at *5 (W.D. Wash. Nov. 16, 2012). In the present case, the material terms of the APA were negotiated in Massachusetts. On at least two occasions, plaintiff's principal, along with Swedish executives from affiliate company New Wave Group AB and a Georgia-based investment advisor, traveled to Massachusetts for the purpose of negotiating the terms of sale culminating in the APA. Neither Mr. Shwartz, nor any other representative of Ahead, Inc., traveled to Washington state for the purpose of negotiating this agreement. Shwartz Aff., ¶¶ 6-7. The parties selected a Massachusetts choice of law provision and, once negotiations were complete, Mr. Shwartz, on behalf of Ahead, Inc., executed the agreement in Massachusetts. *Id.*, ¶ 8. Because the APA was negotiated in Massachusetts, and executed in part in Massachusetts, the first *Jones* factor favors transfer.

      **b.    The Familiarity of Massachusetts Courts with Massachusetts Contract Law Favors Transfer.**

The second *Jones* factor considers which forum is most familiar with the governing law. 211 F.3d at 498. A diversity case should be litigated "in a forum that is at home with the law that must govern the action[.]" *Decker Coal*, 805 F.2d at 843. This District has held that the presence of a contractually agreed upon choice of law provision favors transfer. *See, e.g.*, *Nordquist*, 2006 U.S. Dist. LEXIS 64495, at *9 (concluding that this factor "favors transfer" when "the choice of law . . . was contractually agreed by the parties"); *Silver Valley Partners, LLC v. De Motte*, No. C05-5590(RBL), 2006 U.S. Dist. LEXIS 67745, at *15 (W.D. Wash. Sept. 21, 2006) (finding that the fact that the parties "specifically selected" a particular state's law "favors transfer"). In the present case, the plaintiff's claims, which allege breach of representations and warranties in the APA, will be adjudicated under Massachusetts law as provided by the broad choice of law provision in that agreement. *See* Shwartz Aff., Ex. A, ¶

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

11.3.  The interests of judicial efficiency and simplification of the judicial task are better served by having Massachusetts federal courts interpret and apply Massachusetts law.  For these reasons, the second *Jones* factor favors transfer.  *See Ott v. Avis Rent a Car Sys., LLC*, No. C12-5762(BHS), 2012 U.S. Dist. LEXIS 179587, at *5-6 (W.D. Wash. Dec. 19, 2012) (finding that this factor favors transfer because the transferee court "handles more diversity cases based on that state's laws.").

### c. Plaintiff's Choice of Forum is Entitled to Minimal Deference.

Courts accord little deference to a plaintiff's choice of forum when "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter."  *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *see also Pedigo*, 2013 U.S. Dist. LEXIS 12690, at *7 ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").  In the present case, the operative facts occurred outside Washington state.  Specifically, the plaintiff raises myriad claims that KASC breached the representations and warranties contained in the APA.  In essence, *all* of these allegations involve either: (1) events that occurred within or in close proximity to Massachusetts, (2) corporate records and financial statements maintained and stored in Massachusetts, or (3) tangible physical property housed exclusively in Massachusetts.  ***First***, the allegations involving the purported "failure to write off bad debt and interest" are based predominately on accounting and due diligence efforts that occurred in Massachusetts and nearby Providence, Rhode Island.  *See* Dkt. No. 16, ¶ 11(a).  ***Second***, the allegedly "obsolete or otherwise worthless inventory" at issue in the case is currently stored, and has always been stored, in Massachusetts.  *See* Dkt. No. 16, ¶ 11(b).  ***Third***, the inventory appliques forming the basis for the allegations contained in Paragraph 11(c) of the Second Amended Complaint are similarly located in Massachusetts.  *See* Dkt. No. 16, ¶ 11(c).  ***Fourth***, the alleged accounting errors broadly relied upon by the plaintiff in Paragraphs 11(d) and 13 of the

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Second Amended Complaint involve financial statements, accounts, books, and records developed and maintained exclusively in Massachusetts. *See* Dkt. No. 16, ¶¶ 11(d), 13.

Moreover, Washington state does not have any "particular interest" in this matter and certainly none that would not also be addressed in Massachusetts. While some executive staff of the plaintiff and/or its parent company may be based in Seattle, every other aspect of the plaintiff's corporate business is conducted in the company's New Bedford, Massachusetts facility, including its production activity, accounting, inventory, and other tangible physical property. Most saliently, the plaintiff holds itself out to the public as a Massachusetts entity and, indeed, interacts with the public through its New Bedford facility. The plaintiff's website states: "AHEAD, LLC is located at 270 Barnet Blvd., New Bedford, MA 02745." Shwartz Aff., Ex. B. Accordingly, because the operative facts lack any connection to Washington state, and Washington state does not have an unique interest in the resolution of this matter that would not equally be addressed in Massachusetts, this Court should accord only minimal deference to the plaintiff's choice of forum.

### d. The Respective Parties' Minimal Contacts With Washington State Favors Transfer.

The fourth *Jones* factor considers the respective parties' contacts with the forum. *See* 211 F.3d at 498; *see also Silver Valley Partners,* 2006 U.S. Dist. LEXIS 67745, at *8-9. This factor favors transfer because both parties have significant contacts with Massachusetts, and the plaintiff's contacts with the Western District of Washington are minimal.

Here, defendant KASC has virtually no contact with the Western District of Washington. KASC, and its predecessor Ahead, Inc., has never maintained an office nor an employee in Washington state. Schwartz Aff., ¶ 10. Rather, KASC conducts almost all of its business activities in Massachusetts. *Id.*, ¶ 5. By comparison, although the plaintiff has some contact with the Western District of Washington, the plaintiff also has very significant contacts with Massachusetts. It maintains a large production and distribution facility in New Bedford, Massachusetts. *Id.* The plaintiff holds itself out as a Massachusetts-based entity and primarily interacts with the public through that facility. *Id.*, ¶ 13 & Ex. B. Accordingly,

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

because both parties have significant contacts in Massachusetts, and only the plaintiff has contact with the Western District of Washington, this factor weighs heavily in favor of transfer.  *See Silver Valley Partners,* 2006 U.S. Dist. LEXIS 67745 at *8-10 ("Given that both parties have case-related contacts with the District of Idaho, and only plaintiffs have case-related contacts with the Western District of Washington, the factor of the respective parties' contacts with the forum weighs in favor of transfer.").

         **e.**        **The Lack of Contacts Relating to the Plaintiff's Causes of Action with Washington State Favors Transfer.**

The fifth *Jones* factor considers the contacts relating to the plaintiff's causes of action in the chosen forum.  211 F.3d at 498; *see also Silver Valley Partners,* 2006 U.S. Dist. LEXIS 67745, at *10-11.  In the present case, the plaintiff's Second Amended Complaint asserts three causes of action based on events that occurred almost entirely in Massachusetts.  For example, the claims involve the alleged indemnification obligations of a Massachusetts entity under Massachusetts law.  Additionally, the inventory records, personnel files and financial statements relevant to adjudicate this claim are presumably stored and maintained in Massachusetts, where the company's facility is located, along with the witnesses with knowledge related to these files and records.  Shwartz Aff., ¶¶ 5, 12.  Moreover, the actual "obsolete or otherwise worthless inventory" at issue in this case is similarly located in Massachusetts.  Dkt. No. 16, ¶ 11(b); Shwartz Aff., ¶ 5.  Finally, the contract negotiations took place in Massachusetts and the executed contract contemplated performance in Massachusetts. Shwartz Aff., ¶¶ 6-8.  Indeed, the only conceivable case-related contacts with the Western District of Washington are the limited electronic and telephonic communications which occurred during contract negotiations and the physical location of a small number of plaintiff's (or its parent's) corporate executives and administrative support staff.  *Id.*, ¶ 7.  This is simply insufficient.  *See Silver Valley Partners*, 2006 U.S. Dist. LEXIS 67745, at *10-11 (finding that this factor weighs in favor of transfer where the plaintiff's only related contacts with the forum were that he moved to Washington during negotiations and signed the contract in Washington).  Because this is a Massachusetts contract relating to a Massachusetts

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 10

business, and the inventory, corporate records, financial statements and tangible physical property are all found in Massachusetts, this factor favors transfer. *See Wang v. LB Int'l Inc.*, No. C04-2475(JLR), 2005 U.S. Dist. LEXIS 36555, at *6-7 (W.D. Wash. Aug. 29, 2005) (finding that, because the defendants maintained substantial contacts with Pennsylvania, the Eastern District of Pennsylvania has a "local interest in having localized controversies decided at home.").

### f.  Litigating This Case in Massachusetts Would Be Less Costly.

The sixth *Jones* factor considers the cost of litigation in the two forums. 211 F.3d at 498-99. Generally, litigation costs "are reduced when venue is located in a district near most of the witnesses expected to testify or be deposed and the convenience of the witnesses is often the most important factor when determining which forum would be the most convenient." *Nordquist*, 2006 U.S. Dist. LEXIS 64495, at *11 (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002)). In *Decker Coal*, the Ninth Circuit concluded that this factor weighs against transfer where the witnesses are equally divided between the two forums. 805 F.2d at 843. The Ninth Circuit reasoned that, in such situations, "[t]he transfer would merely shift rather than eliminate the inconvenience." *Id.* Conversely, when most of the potential witnesses are "not so equally divided," but rather concentrated in the transferee state, this factor favors transfer. *See Silver Valley Partners*, 2006 U.S. Dist. LEXIS 67745, at *11. In *Silver Valley Partners*, two party witnesses, two nonparty witnesses and an unidentified number of expert witnesses were located in the Western District of Washington. The rest of the plaintiff's nonparty witnesses and all of the defendant's witnesses were located in the transferee state. In this context, this Court held that, because more witnesses were located in the transferee state than in the Western District of Washington, this factor weighed in favor of transfer. *Id.*

As in *Silver Valley Partners*, most of the potential witnesses in this case are concentrated in Massachusetts, including Mr. Shwartz, the outside auditors, and various current and/or former Ahead employees. Shwartz Aff., ¶ 12. In contrast, KASC is aware of

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 11

only one witness, Mr. Johnson, who is located in the Seattle area. *Id.*, ¶ 11. If the case goes to trial, both plaintiff and KASC will save a significant amount of money by allowing these witnesses to travel to Boston, instead of Seattle.

### g. The Availability of Compulsory Process To Compel Attendance of Unwilling Non-Party Witnesses in Massachusetts Favors Transfer.

The seventh *Jones* factor considers the availability of compulsory process to compel attendance of unwilling nonparty witnesses. 211 F.3d at 499. Rule 45 constrains a party from requiring a nonparty witness to travel more than one hundred miles from that individual's place of residence, employment or where that individual regularly transacts business in person. Fed. R. Civ. P. 45(c)(3). In the instant case, perhaps the most important witnesses in the case other than Mr. Shwartz are the accountants who performed the pre-purchase audits and prepared the financial statements that are the basis for the alleged breach of representations and warranties; they are non-parties who are located in or near Providence, Rhode Island. In addition, to the extent that any employees of the former Ahead, Inc. are no longer employees of plaintiff Ahead, LLC, compulsory process may be necessary. In contrast, KASC is unaware of a single non-party witness in Washington state. *See* Shwartz Aff., ¶ 11. Thus, this factor weighs in favor of transfer.

### h. That the Sources of Proof are Located and Easily Accessed in Massachusetts Favors Transfer.

The final *Jones* factor considers the ease of access to sources of proof within the two forums. 211 F.3d at 499. With respect to this factor, courts may consider the location of sale assets, documentary evidence and tangible physical property, as well as the convenience of potential witnesses. *See, e.g.*, *Pace Int'l, LLC v. Indus. Ventilation, Inc.*, No. C08-1822(RSL), 2009 U.S. Dist. LEXIS 35201, at *8-9 (W.D. Wash. April 13, 2009); *Silver Valley Partners*, 2006 U.S. Dist. LEXIS 64495, at *12. In the present case, the vast majority of individuals who are likely to testify in this matter are located in Massachusetts, where plaintiff conducts most of its business. It will unnecessarily inconvenience these witnesses to require them to travel to Seattle to testify in this matter. *See Pace Int'l*, 2009 U.S. Dist. LEXIS 35201, at *8-9

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

(noting that the convenience of witnesses is also a "key consideration" under this factor). Moreover, the gathering and selection of documentary evidence, including corporate accounting records, financial statements and personnel files, during the discovery process is best facilitated in Massachusetts where these documents are maintained and stored. *See id.* ("Although the advent of electronic discovery has reduced the burdens associated with actually producing documents to an opposing party, the culling of the party's files and, if warranted, the initial selection process are more easily accomplished where the documents are stored."). Finally, the critical pieces of evidence at issue in the case – namely, the sale assets, including the allegedly obsolete inventory – are more easily accessed in Massachusetts where they are located. *See Nordquist*, 2006 U.S. Dist. LEXIS 66495, at *12 (finding that this factor favored transfer because the assets of the sale and potential witnesses were located in the transferee state). Accordingly, the final *Jones* factor favors transfer. *See Silver Valley Partners*, 2006 U.S. Dist. LEXIS 67745, at *13 (finding that this factor favored transfer because "discovery is not complete, and the documentary evidence and virtually all witnesses are located in [the transferee state].").

### 3. The Interests of Justice Dictate that this Matter Be Transferred to the District of Massachusetts.

In addition to the *Jones* factors, district courts also consider the public policy interests of the respective forums in the resolution of this case. *See Decker Coal*, 805 F.2d 834, 843 (9th Cir. 1986). The touchstone of this inquiry is "the local interest in having localized controversies decided at home." *Id.*, (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). In the instant case, this factor favors transfer because fundamentally, this is a case about a Massachusetts contract governed by Massachusetts law, involving a Massachusetts business and Massachusetts-based employees, property, sale assets, corporate records and financial statements. In light of its far stronger connection to this case, the interests of justice dictate that this Court transfer this matter to the District of Massachusetts.

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### IV. CONCLUSION

For the foregoing reasons, defendant KASC respectfully seeks dismissal for improper venue, or alternatively transfer of this case to the District of Massachusetts, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and Fed. R. Civ. P. 12(b)(3).

DATED this 7th day of March, 2013.

**DAVIS WRIGHT TREMAINE LLP**

By: *s/ Steven P. Caplow*
    Steven P. Caplow, WSBA #19843
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Tel.:  (206) 757-8018
    Fax:  (206) 757-7018
    E-mail:  stevencaplow@dwt.com

**FOLEY HOAG, LLP**

By: *s/Michael Boudett*
    Michael Boudett *(Pro Hac Vice)*
    155 Seaport Boulevard
    Boston, MA 02210-2600
    Tel.:  617-832-1180
    Fax:  617-832-7000
    Email: mboudett@foleyhoag.com

*Attorneys for Defendant KASC, Inc.*

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 21107541v3 0044698-000004

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  The parties listed below were also served, via hand delivery, a copy of the foregoing on this date.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

VIA HAND DELIVERY:

Daniel Kittle
Randall Paul Beighle
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
Phone:  206-223-7074
Email: kittled@lanepowell.com
Email: beighler@lanepowell.com
*Attorneys for Plaintiff*

DATED this 7th day of March, 2013.

        Davis Wright Tremaine LLP

        By:  *s/ Steven P. Caplow*
          Steven P. Caplow, WSBA #19843
          1201 Third Avenue, Suite 2200
          Seattle, Washington  98101-3045
          Tel.:  (206) 757-8018
          Fax:  (206) 757-7018
          E-mail:  stevencaplow@dwt.com

        *Attorneys for Defendant KASC, Inc*

MOTION TO DISMISS OR TRANSFER VENUE
(13-00187-JLR) – 15

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700